# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JERRY JEROME ROBINSON
    Petitioner,

v.                                     CASE NO.  8:16-cv-1621-T-24TGW
                                                      8:06-cr-221-T-24TGW

UNITED STATES OF AMERICA

_____/

## ORDER

This case is before the Court on Petitioner Jerry Jerome Robinson's Motion to

Vacate pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1), Memorandum of Law in Support

(Civ. Doc. 14), the Government's response (Civ. Doc. 16), to which Petitioner filed a

reply (Civ. Doc. 18). After due consideration, the Court finds that an evidentiary hearing

is not necessary, and Petitioner's motion should be denied.

### I. Background

Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C.

§§ 922(g)(1) and 924(e) (count one). On November 29, 2006, the Court sentenced

Petitioner as an armed career criminal to a term of imprisonment of 180 months.[1]

---

[1]The Pre-sentence Investigation Report ("PSR") recommended that Petitioner be treated as an armed career criminal under the Armed Career Criminal Act. Petitioner had prior state of Florida convictions for delivery of a controlled substance to a person under eighteen, manslaughter, robbery, aggravated battery, and lewd and lascivious act on a child under sixteen.

Petitioner did not appeal. However, Petitioner filed a 28 U. S. C. § 2255 motion that was denied by this Court on June 7, 2011. The Eleventh Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion, finding that he had made a prima facie showing that the new rule of constitutional law announced in *Johnson* applied to him.

## II. Discussion

Petitioner argues that his sentence as an armed career criminal was imposed in violation of the Constitution and laws of the United States and should be vacated. His claim is based on *Johnson*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner submits that the Florida offenses of lewd and lascivious act on a child under sixteen, aggravated battery with a deadly weapon, robbery and manslaughter, which along with delivery of a controlled substance, may have served as predicate offenses for his classification as an armed career offender no longer qualify as "violent felonies" and his armed career criminal sentence must be vacated.

In response, the Government makes several arguments as to why the motion should be denied. First, the Government argues that Petitioner has not shown and cannot show that he was sentenced using the ACCA's residual clause or that the use of that clause made a difference in his sentence. Next, the Government argues Petitioner's claim

is procedurally defaulted, and finally, that his claim is meritless.  Because this Court

agrees that Petitioner's claim is meritless, it will not address the Government's other

arguments.

**Armed Career Criminal Act**

At sentencing, the Court found Petitioner was an armed career offender. Although

neither the Court nor the PSR stated at sentencing which of his prior convictions provided

the three predicate convictions for his ACCA sentence, Petitioner has at least three prior

Florida state convictions for a violent felony or serious drug offense that satisfy the

ACCA after *Johnson*: (1) Delivery of a Controlled Substance to a Person under Eighteen

in violation of Florida Statute § 893.13(1)(c)(2) committed on March 19, 1987; (2)

Robbery in violation of Florida Statute § 812.13 committed on August 19, 1987; and (3)

Aggravated Battery with a Deadly Weapon in violation of Florida Statute § 784.05

committed on March 25, 1991.

1.  Delivery of a Controlled Substance to a Person Under Eighteen

The Eleventh Circuit in *United States v. Smith*, 775 F. 3d 1262, 1268 (11th Cir.

2014), held that a conviction under Florida Statute § 893.13 is a serious drug offense

under 18 U. S. C. § 924(e)(2)(A).  In addition, Petitioner does not dispute that his drug

conviction for delivery of a controlled substance to a person under eighteen qualifies as a

serious drug offense under the ACCA.

### 2.  Robbery

Petitioner, while recognizing that binding precedent in the Eleventh Circuit holds that a Florida state conviction for robbery categorically qualifies as a "violent felony," *see United States v. Fritts*, 841 F. 3d 937, 944 (11th Cir. 2016), maintains that *Fritts* was wrongly decided and that after *Johnson*, his prior conviction for robbery no longer qualifies as a violent felony under the ACCA.  A robbery conviction under Florida Statute § 812.13 is a crime of violence under the ACCA's elements clause.  *See id.; United States v. Lockley*, 632 F. 3d 1238, 1245 (11th Cir. 2011); *United States v. Seabrooks*, 839 F. 3d 1326, 1338–1345 (11th Cir. 2016).

### 3.  Aggravated Battery

Petitioner argues that his conviction for aggravated battery with a deadly weapon under Florida Statute § 784.045 does not qualify as a violent felony.  The Court disagrees.  Petitioner was convicted under § 784.045(1)(a)(2) for battery with a deadly weapon. In two published decisions, the Eleventh Circuit has directly held that a conviction for aggravated battery under § 784.045(1)(a)(2) qualifies as a violent felony under the elements clause of the ACCA.  *In re Rogers*, 825 F. 3d 1335, 1341 (11th Cir. 2016); *Turner v. Warden Coleman FCI (Medium)*, 709 F. 3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds by Johnson,* 135 S. Ct. 2551. Petitioner's conviction for aggravated battery with a deadly weapon still qualifies as a violent felony without the ACCA's residual clause, which was determined to be unconstitutional in *Johnson.*

### III. Conclusion

The Court recognizes that the Government has made two additional arguments as to why Petitioner's motion should be denied or dismissed. The Court will not address the Government's arguments that Petitioner has not met his burden of proving he was sentenced using the residual clause or that the residual clause affected his sentence or the Government's argument that Petitioner's claim is procedurally defaulted. As stated above, however, Petitioner is not entitled to relief based on the merits of his claims.

Petitioner has at least three prior felony convictions that satisfy the ACCA after *Johnson*. Therefore, for the reasons stated above, Petitioner's claim that his sentence should be vacated because it was imposed in violation of the Constitution and the laws of the United States is denied.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1)     Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 34) is **DENIED**.

(2)     The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

## CERTIFICATE OF APPEALABILITY DENIED

Petitioner is not entitled to a certificate of appealability. He has not shown that reasonable jurists would debate that he has made a substantial showing of the denial of a constitutional right.  28 U.S.C.§ 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the same reason he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on May 10, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record